Mary SYBERT, Plaintiff-Appellant,

v.

Michael Duane IRVINE et al., Defendants-Respondents.

No. KCD 30163.

Missouri Court of Appeals, Western District.

July 31, 1979.

Harold L. Holliday, Jr., Holliday & Bryant, P. C., Kansas City, for plaintiff-appellant.

Clyde G. Meise, W. Edward Coen, Jr., Meise, Cope & Coen, Kansas City, for defendants-respondents.

Before SHANGLER, P. J., WASSERSTROM, C. J., and CLARK, J.

WASSERSTROM, Chief Judge.

This is a suit for the wrongful death of Donald Sybert, an unmarried young man 19 years of age. His mother, Mary Sybert, brought this suit against the driver of the truck which collided with Donald's motorcycle and the truck driver's employer.

The jury brought in a verdict against the employer, but in favor of the driver. The employer moved to set aside the judgment against it because of the inconsistent verdict in favor of its agent. The trial court granted that motion. The plaintiff mother then moved to dismiss for lack of jurisdiction on the ground that the mother was not the proper party plaintiff. The trial court overruled that motion, from which ruling plaintiff pursues this appeal.

Plaintiff's Sole Point Relied On is as follows: "The Court Erred in Failing to Sustain Plaintiff-Appellant's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and/or Person." That point fails to comply with the requirements of Rule 84.04(c). *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). However, even if the point be filled out by reference to the argument portion of plaintiff's brief, and affording the point review as a matter of grace, it contains no merit.

Plaintiff's argument starts by asserting that Donald Sybert was an adult at the time of his death because he was more than 18 years of age. That contention is sharply challenged by defendants. We will assume, without deciding, that the deceased was an adult for the purpose of determining the proper party plaintiff under Section 537.080 RSMo 1978.

Plaintiff then proceeds to argue that the proper party to sue for the death of an unmarried adult who leaves no children is the administrator of his estate, not his par-

ent. That was indeed the ruling in *Rogers v. Fiandaca,* 491 S.W.2d 560 (Mo.1973), upon which the plaintiff relies. However, the very recent case of *Cannada v. Moore,* 578 S.W.2d 597 (Mo. banc 1979), overrules *Rogers* and holds that the proper party plaintiff is the parent, not the administrator.

Affirmed.

All concur.